Richmond

## DAVID CLARK CUTSHAW

### V.

## ELENA RAY CUTSHAW, ET AL.

December 28, 1979.

Record No. 780070.

Present: All the Justices.

*Charles B. Flannagan, II* (*Woodward, Miles & Flannagan,* on brief), for appellant.

*David H. Frackelton* (*Widener and Frackelton,* on brief), for appellee.

No brief or argument for Washington County National Bank, Trustee under the will of Dollie Kinser Tasker, and Arthur Faulks, appellees.

PER CURIAM.

In this appeal, the question presented is whether the divorce court retained jurisdiction, after a child attained majority, to enforce a court order entered during the infancy of the child modifying a child support agreement incorporated into the decree of divorce.

The facts are not in dispute. Elena Ray Cutshaw was granted a divorce from David Clark Cutshaw by decree dated December 22, 1970, that affirmed, ratified and incorporated therein a separation agreement concluded by the parties. The agreement required Cutshaw to pay $25 per week for the support of his two children "until modified by a court of competent jurisdiction or until such time as the last

of the two children leaves the home provided by [Elena], or until the last of said children shall complete his or her education through the undergraduate level whichever first occurs". The couple had two children at the time of their divorce, David Randall, then age 18, and Robin Kirby, then age 12.

On March 27, 1974, the chancellor increased Cutshaw's weekly support obligation to $50, and this amount was provided only for the benefit of Robin Kirby, who was then age 16. The following September, Cutshaw petitioned the court for a reduction in the amount of support payments. In his letter opinion of September 19, 1974, the chancellor "conclude[d] that it would be equitable. . . to reduce the weekly payments to $35 a week for the support, education, and maintenance of the youngest son". The chancellor also requested counsel to prepare a decree reflecting his decision, but no decree was entered.

Robin Kirby became eighteen years of age on March 26, 1976. Almost a year later, on February 25, 1977, Elena petitioned the court for general relief, alleging that Cutshaw was in arrears in his child support payments. Although no responsive pleading was filed, the chancellor stated in his letter opinion of March 9, 1977, that Cutshaw had defended on the ground that the court did not have jurisdiction since both children had attained majority. In the decree entered on March 30, 1977, over Cutshaw's objection, the chancellor noted the absence of a decree implementing the September 19, 1974 decision and entered an order *nunc pro tunc* as of September 11, 1974, reducing his weekly support payments to $35 from the $50 obligation payable under the March 27, 1974 decree. The decree provided that the $35 payment should continue to be made "in conformity with the prior opinions of this Court".

In July, 1977, Elena again petitioned the court for relief, alleging that Cutshaw had not complied with the March 30, 1977 decree, and that he had become a resident of Tennessee. After conducting an *ore tenus* hearing, the chancellor found that Cutshaw had not met his obligation to pay $35 per week in child support. By decree entered October 12, 1977, he awarded Elena judgment against Cutshaw in the sum of $945, the amount of arrearages, and ordered Cutshaw to keep the weekly payments current. Cutshaw has appealed from this decree.

 A divorce court has continuing jurisdiction during a child's infancy to provide for his support and maintenance. Va. Code § 20-108. Since Robin Kirby was still a minor in 1974, the court then had the power to order an increase in payments for his support to $50 per

week, and subsequently to order a reduction in payments to $35 per week. Absence of an order embodying the September 1974 decision is not fatal, for the chancellor's opinion clearly shows that the decision had been made to reduce payments to $35. The failure of counsel to prepare the requested order was termed an "oversight". A court has the power to correct such ministerial omissions *nunc pro tunc* when the record clearly supports such corrections. Va. Code § 8.01-428(b); *Council* v. *Commonwealth* 198 Va. 288, 94 S.E.2d 245 (1956).

Cutshaw concedes that his contractual obligation to pay child support in the amount of $25 per week continues although Robin Kirby has reached the age of majority. He argues only that the divorce court lacks jurisdiction to enforce the support obligation, as modified by the court, in the amount of $35 per week, after the child's 18th birthday. We agree.

■ A parent has the legal obligation to support his children only during their minority. Va. Code § 20-61. Of course, this obligation does not preclude the parent from contracting to support the children after their minority. However, where such contracts are incorporated into support decrees by a divorce court, they can only be modified by that court to the extent of its jurisdiction.

■ The jurisdiction of a court to provide for child support pursuant to a divorce is purely statutory. *Jackson* v. *Jackson,* 211 Va. 718, 719, 180 S.E.2d 500 (1971). The relevant statutes only deal with the court's power to provide for support and maintenance of minor children. *See* Va. Code §§ 20-103 through -109.1. Once the child reaches majority, the jurisdiction of the divorce court to provide for his support and maintenance terminates unless otherwise provided by agreement incorporated into the divorce decree. *See Eaton* v. *Eaton,* 215 Va. 824, 213 S.E.2d 789 (1975); *Paul* v. *Paul,* 214 Va. 651, 203 S.E.2d 123 (1974).

Applying the foregoing principles to the case at bar, we hold that the chancellor erred in determining that Cutshaw's obligation under the decree to pay $35 per week continued after March 26, 1976, Robin Kirby's 18th birthday. Therefore, we shall remand the case for a determination, in accordance with the views expressed herein, of the amount of the arrearages owed by Cutshaw and a recomputation of the amount of the judgment lien docketed in favor of Elena.

*Reversed and remanded.*