### CHARLES STONE HOSIER

### v.

### PHYLLIS JEAN HOSIER

January 16, 1981.

Record No. 790024.

Present: All the Justices.

*Grover C. Outland, Jr. (Outland, Gray, O'Keefe & Hubbard,* on brief), for appellant.

*Lucian B. Cox, Jr. (Cox, Cox, & Cox,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this domestic relations appeal, we are asked to decide whether the lower court erred in refusing to sustain a plea of *res judicata,* and, if it did not err, whether partial child support can be required for an adult son.

Phyllis Jean Hosier (wife) and Charles Stone Hosier (husband) were married on January 19, 1957. Two children were born of the marriage, a son on October 22, 1957, and a daughter on May 6, 1966.

On April 15, 1977, wife filed against husband a Bill of Complaint seeking a divorce *a mensa et thoro* with leave to merge, custody of infant children, and support and maintenance for herself and the infant children, both *pendente lite* and permanently. Wife alleged that she and her husband were married in Miami Springs, Florida, and had lived together until March 8, 1977; that both parties were domiciled in and were actual bona fide residents of Virginia for more than six months and last cohabited in Virginia Beach; and that on March 8, 1977, husband deserted wife without just cause.

Husband answered denying desertion and alleging that on May 6, 1977, he obtained a final divorce in the Circuit Court of Escambia County, Florida, which he contended was *res judicata* as to the present complaint.

The matter was referred by decree to a Commissioner in Chancery who, after a hearing, filed his report. The report stated that the parties had stipulated that they were divorced on May 6, 1977. The Commissioner recommended $400.00 per month for support of the infant daughter and $400.00 spousal support. Both parties excepted to the

report, the husband contending that the awards were excessive and the wife asserting that they were inadequate. On October 31, 1977, the court entered an order reciting the decree of reference, the hearing before the Commissioner, the exceptions as noted, and the argument on the exceptions. The court then concluded:

AND IT APPEARING TO THE COURT that the Circuit Court of the City of Virginia Beach does not have jurisdiction in the matter, it is ADJUDGED and DECREED that *this cause is hereby dismissed* from the docket, to which action of the court the complainant excepts and objects. (Emphasis added.)

On November 10, 1977, wife filed a petition to rehear on the grounds that the decree of October 31, 1977, was erroneous. A hearing on the matter was subsequently held, and on November 30, 1977, over wife's objections, the court entered a final decree overruling the petition to rehear. Wife also filed a notice of appeal to the final decree of October 31, 1977, but the appeal was not pursued.

On June 9, 1978, this Court decided in *Newport* v. *Newport,* 219 Va. 48, 245 S.E.2d 134 (1978), that the legal obligation of a husband to support the wife is not extinguished by an *ex parte* foreign divorce and that a wife has an inherent right to support, such support to be awarded either in a divorce suit or in an independent suit subsequently brought specifically for that purpose.

On June 30, 1978, wife filed a new Bill of Complaint alleging that the Florida divorce was invalid because she had received no service of process and had made no appearance. She prayed that the court would determine the validity of the Florida divorce and in accordance that she be granted a final divorce, separate maintenance and custody of the infant daughter. On July 12, 1978, husband filed a motion to dismiss, which was in effect a plea of *res judicata* founded on the final decree of October 31, 1977. By decree of August 11, 1978, the court sustained the motion to dismiss as to the validity of the Florida decree, but overruled the same with reference to support of wife and child and custody. On the same day the court entered temporary allowances for wife and child in the amount of $600.00 per month and awarded custody of the infant daughter to the wife.

After another decree of reference and a hearing, the Commissioner recommended that wife receive $400.00 per month for spousal support and $250.00 per month for support of the infant daughter (whose custody was awarded to the wife with reasonable visitation by the husband). The wife excepted to the report on the ground that the

amounts allowed were inadequate, and the husband excepted on grounds that they were excessive and that his plea of *res judicata* had not been sustained.

The final decree was entered on November 3, 1978, fixing support at those amounts recommended by the Commissioner, but in addition $100.00 per month for June, July and August was to be paid while the adult son was in college.

### I. *Plea of Res Judicata.*

In *Storm* v. *Nationwide Mutual Ins. Co.,* 199 Va. 130, 134, 97 S.E.2d 759, 761 (1957), we held:

A judgment is not *res adjudicata* if it does not go to the merits of the case. To constitute a bar, it must appear either upon the face of the record or be shown by extrinsic evidence that the previous question was raised and determined in the former suit, and that the former suit was determined on its merits. (Citation omitted.)

*See also Kelly* v. *Board of Public Works,* 66 Va. (25 Gratt.) 755, 760 (1875); M. Burks, Common Law and Statutory Pleading and Practice 672 (4th ed. 1952); 46 Am.Jur.2d Judgments § 500 (1969); Annot., 49 A.L.R.2d 1036 (1956).

Here, the parties attempted to litigate the issues via the first suit. A decree of reference was executed by a Commissioner who heard evidence *ore tenus* and made recommendations in his report to the lower court. Exceptions were taken by both wife and husband to the recommendations, and for some undisclosed reason, the court concluded that it was without jurisdiction and the suit was dismissed. (Apparently the court was convinced that the wife had recourse only through the Juvenile and Domestic Relations District Court.) Clearly, the decree of October 31, 1977, was not an adjudication on the merits, and we sustain the action of the lower court in overruling the plea of *res judicata.*

### II. *Support for Adult Son.*

When the final decree was entered by the lower court on November 3, 1978, the son was 21 years of age, having attained his majority more than three years earlier. In *Cutshaw* v. *Cutshaw,* 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979), a case involving a situation comparable to the instant case, we said:

The relevant statutes only deal with the court's power to provide for support and maintenance of minor children. *See* Va. Code §§ 20-103 through -109.1. Once the child reaches majority, the jurisdiction of the divorce court to provide for his support and maintenance terminates unless otherwise provided by agreement incorporated into the divorce decree. *See Eaton* v. *Eaton,* 215 Va. 824, 213 S.E.2d 789 (1975); *Paul v. Paul,* 214 Va. 651, 203 S.E.2d 123 (1974).

The trial court was without authority to provide even temporary allowances for the adult son. We reverse that portion of the decree awarding $100.00 per month for the months of June, July and August for the benefit of the adult son while he was in college.

*Affirmed in part,*
*reversed in part,*
*and final decree.*

COMPTON, J., concurring in result.