## CIRCUIT COURT OF ARLINGTON COUNTY

Amundson

v.

Amundson

November 21, 1983

Case No. (Chancery) 31390

By JUDGE CHARLES H. DUFF

For decision are various motions filed by both parties. Mrs. Amundson seeks a judgment for arrearage of claimed child support for each of the two children. She also seeks an award of counsel fees. Mr. Amundson denies the existence of an arrearage and has moved for child support for the parties' daughter, Trish, of whom he has custody. He likewise seeks an award of counsel fees. An evidentiary hearing was held on November 14, 1983, and authorities cited by both parties. I have carefully examined these authorities and have reviewed the testimony taken and hasten to advise you of my opinion.

As a threshold position Mr. Amundson denies this court's jurisdiction to award any arrearage, claiming that the escalator clause in the property settlement agreement may not properly form a basis of a court order. He cites in support thereof *Robertson v. Robertson*, 215 Va. 425 (1975), and *Jacobs v. Jacobs*, 219 Va. 993 (1979). He further denies the jurisdiction of this court to enforce, or to award judgment for, an

arrearage for his son Steven after he attained his majority on November 29, 1981. *Cutshaw* v. *Cutshaw*, 220 Va. 638 (1979), is cited in support of this position. These threshold questions will be addressed in the order presented.

In the *Jacobs* decision the trial court apparently ordered spousal support with an escalator scheme applicable to any income above a certain figure earned by the husband. There is no indication in the opinion that the parties had agreed between themselves with respect to an escalator clause. In reversing the trial court our Supreme Court noted that the escalator clause was premised upon the occurrence of an uncertain future contingency and as such the court's award ignored the statutory scheme that had been established allowing courts continuing jurisdiction to modify awards based upon changed circumstances. The *Robertson* case similarly seemed to base a support award upon the fact that the husband was a "potential" recipient of a substantial sum of money from a trust. Because the husband was only a potential recipient of the fund, it was held improper to consider such in determining his spousal support obligation.

It seems to me that both of these cases, as well as the underlying concept, are distinguished from the case at bar. Here the parties themselves drew a detailed property settlement agreement providing that the quantum of support payments would increase as the husband's salary increased. This was a private agreement to which each party subscribed and presented the same to the court for ratification, confirmation and approval. While it would be improper under the cases cited for the court on its own to have awarded an increase in child support *in futuro* based upon contingent increases in the husband's income, I see no reason why the parties cannot so contract if they be so advised. In short, their private contract becomes the law of the case; they can do what a court cannot do under the circumstances. I am of the opinion that this threshold defense asserted by Mr. Amundson is without merit.

A careful examination of the *Cutshaw* decision, however, leads me to the conclusion that the second threshold defense has merit. The *Cutshaw* case appears to be strikingly similar factually. There a separation

agreement was affirmed, ratified and incorporated into the divorce decree. The agreement called for support of the child after majority and the trial court had awarded judgment against the father for arrears. In reversing, *per curiam*, the Supreme Court held that once the child reached majority the jurisdiction of the divorce court to provide for his support and maintenance terminated. The decision recognized the contractual obligation of the father to continue support per the terms of his agreement. It merely held that the divorce court may not be the vehicle for enforcing the agreement after majority, even to the extent of awarding a judgment. I feel bound by the *Cutshaw* decision; Mrs. Amundson must pursue what other legal remedies are available to her in the premises.

As to the claim for arrearage, the evidence is contradictory and in much part confusing. The language of the property settlement agreement is imprecise. Various checks were introduced by Mr. Amundson showing payments of April 10, 1981, September 11, 1981, and October 12, 1981, which are not listed as being received on the Complainant's Answers to Interrogatories. These checks all predated Steven's majority. After a careful balancing of the entire evidence I am unable to tell with any preponderance where the burden of proof lies in this regard. Accordingly, the claim for arrearage is denied.

The next issue for decision is Mr. Amundson's claim for child support for his daughter Trish. While his income is in excess of that earned by his former wife, the duty to support a child rests on both parents in accordance with their ability to discharge that duty. The mere fact that the father earns more money than the mother does not absolve the latter from any financial obligation. Her income is $31,323.00 per annum. An award is made of child support for Trish in the amount of $125.00 per month commencing November 15, 1983.

Of final concern is the claim for counsel fees. Both parties are employed with substantial income and I do not find any urgent need for an award of counsel fees on either side. Both claims are denied.