## CIRCUIT COURT OF ARLINGTON COUNTY

Omar S. Zaki

v.

Vincent Abell

September 17, 1984

Case No. (Law) 24926

By JUDGE THOMAS R. MONROE

Under advisement is the Defendant's Motion to Vacate Default Judgment. The Court has carefully considered the able arguments and memoranda of counsel.

On March 7, 1984, Plaintiff filed a Motion for Judgment. In the Affidavit required to be filed with the Motion for Judgment under Section 8.01-329, *Code of Virginia*, the Plaintiff alleged that the Defendant was a non-resident of Virginia and transacted business in Virginia. The pleadings, pursuant to Section 8.01-328.1, were formally served upon the Secretary of the Commonwealth who, pursuant to Section 8.01-329, forwarded a copy to the Defendant, Vincent Abell. When Defendant failed to file an answer in Arlington Circuit Court default judgment was entered against him on April 20, 1984. On June 12, 1984, Defendant filed his Motion to Vacate Default Judgment.

The Defendant contends that the default judgment should be vacated because its entry is based upon a clerical mistake of the kind contemplated by Section 8.01-428 of the *Code of Virginia.* This Court agrees. Section 8.01-428 permits the Court to vacate a default judgment in order to correct errors regardless of who made them, *Lamb* v. *Commonwealth*, 222 Va. 61 (1981); *Dorn* v. *Dorn*, 222 Va. 288 (1981). In the

instant case the Defendant alleged that his answer was inadvertantly filed in the Circuit Court of Fairfax County. The record shows that such answer was filed on April 6, 1984.

It has been held that an attorney's failure to prepare an order for entry by the court, if deemed an "oversight," could be corrected by a *nunc pro tunc* order. *Cutshaw* v. *Cutshaw*, 220 Va. 638, 261 S.E.2d 52 (1979). The record before this Court clearly shows such "oversight" occurred as required by *Cutshaw*. The *Cutshaw* Court further held that Section 8.01-428(B) of the *Code of Virginia* authorized the Court to correct these clerical errors "when the record clearly supports such corrections." *Cutshaw*, at 641.

The record in the instant case clearly established that an error was made and that to deny Defendant the relief he requests would negate the legislative intent of Section 8.01-428(B). Accordingly, Defendant's Motion to Vacate Default Judgment is granted.