## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Linda Cass

v.

Paul Franklin Lassiter

December 26, 1984

Case No. (Chancery) C-73-1462; File No. 19878

By JUDGE BERNARD G. BARROW

This matter was heard on November 9, 1984, on the plaintiff's motion for a judgment for child support arrears exceeding $29,000 for the period July 1974 to July 1984. Because of errors in the order awarding child support, the motion for judgment should be denied.

The Stipulation Agreement entered into between the parties on November 6, 1973, provided in part:

> . . . [The husband] . . . will pay unto . . . [the wife] . . . for the support, maintenance, welfare and education of Linda Cobb Lassiter and the children of this marriage the sum of Four Hundred ($400.00) Dollars per month, . . . . At the end of the first year after this Agreement the parties agree that the question of the amount of support will again be studied in light of their needs and the husband's capabilities of support, and to increase or decrease the amount of support as may be necessary. If the parties hereto cannot agree, this matter shall be referred to the court for its determination.

The Decree A Mensa Et Thoro entered on December 18, 1973, provided simply that the "plaintiff pay to the complainant the sum of Four Hundred and no/100 ($400.00) Dollars per month as support money for the support, education and maintenance of said infant children." That same decree also confirmed, ratified and approved the Stipulation Agreement between the parties. The final decree of November 21, 1974, merged the decree for divorce from bed and board into a decree for a divorce from the bond of matrimony and made no further provision concerning support.

Thus, two errors occurred. The first is obvious on the face of the Decree A Mensa Et Thoro which orders ". . . the *plaintiff* to pay to the *complainant* . . . ." Obviously the Court did not intend to require the plaintiff to pay child support to herself.

The second is apparent when the Decree A Mensa Et Thoro is compared to the Stipulation Agreement. The decree fails to include the provision for redetermination of support following the first year; however, it confirms that same provision contained in the Stipulation Agreement. The depositions upon which the decree was based include a request by the plaintiff that the Stipulation Agreement be made a part of any decree of divorce entered in the matter. The full provision was inadvertently omitted.

At the evidentiary hearing no evidence was offered indicating the language in the decree was the result of deliberation rather than inadvertence. Thus, both of the errors were clerical mistakes which may be corrected within the authority provided by Section 8.01-428(B) of the Virginia Code. See *Dorn* v. *Dorn*, 222 Va. 288 (1981); *Cutshaw* v. *Cutshaw*, 220 Va. 638 (1979).

On January 14, 1975, plaintiff brought an action in the Juvenile and Domestic Relations Court of the City of Chesapeake seeking support of her children under the Uniform Reciprocal Enforcement of Support Act since the defendant was then residing in the State of North Carolina. Based on the facts presented at the hearing and on facts stipulated by the parties, it appears that the defendant paid the support required by the decree until the subsequent order of the North Carolina Court and, thereafter, he paid in accord with

the order of the North Carolina Court. Therefore, the defendant has paid support as required by the decree if it is modified to correct the two clerical errors.

The plaintiff also seeks an order requiring the defendant to specifically perform the terms of paragraph 11 of the Stipulation Agreement, and the defendant has not complied with the terms of that provision. Therefore, he should be required to comply with the terms of that provision or the provisions of paragraph 12 in the alternative.

Counsel for the defendant is requested to prepare and present properly endorsed orders which will (1) modify the court's order of December 18, 1973, to correct both clerical errors contained in it, (2) deny the plaintiff's Motion for Judgment for arrearage, and (3) order the defendant to comply with the provisions of paragraph 11 or alternatively paragraph 12 of the Stipulation Agreement within 30 days following the entry of the order.