## CIRCUIT COURT OF FAIRFAX COUNTY

Dominion Bank, N.A.

v.

Joseph F. Brooks

November 23, 1992

Case No. (Law) 118246

BY JUDGE MICHAEL P. MCWEENY

A very interesting argument [was raised] to support [the] appeal of the Order of the General District Court denying a modification of its judgment after the judgment became final. [The] theory was that § 8.01–428(B) allowed the Court to correct clerical mistakes and that *Dorn v. Dorn*, 222 Va. 288 (1981), included attorney "oversight" under that category. As the requested change in the General District Order was the result of an attorney's failure to file a document prior to the judgment becoming final, the Court retains the authority to modify the final judgment. The Court does not agree.

*Dorn v. Dorn* involved a drafting error where the Decree misquoted the Property Settlement Agreement which it incorporated. That error is a clerical error in the court's Decree, not merely an attorney mistake. In making its ruling, the Supreme Court does refer to the prior ruling in *Cutshaw v. Cutshaw*, 220 Va. 638 (1979), where an "oversight" by an attorney seemed to be corrected under § 8.01–428(B). In that case, however, the Court had failed to enter an order confirming its letter opinion and, again, it is the clerical error of the Court, not the attorney, which was corrected. In addition, the Court had continuing jurisdiction over modification of child support at the time it made its ruling.

In this case, there was a final judgment, and there was no "clerical mistake" as defined in § 8.01–428(B). The motion is denied. An order will be entered to that effect this date and the case removed from the trial docket.