COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


RONALD JAMES UZENOFF

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2047-99-4      JUDGE RUDOLPH BUMGARDNER, III
                                           APRIL 11, 2000
LINDA ANNE TERRELL


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      M. Langhorne Keith, Judge

          Donald E. Coulter for appellant.

          John D. Steffan (Steffan & Associates, P.C.,
          on brief), for appellee.


     The trial court found Ronald James Uzenoff $11,247 in

arrears in child support payments.  He alleges the trial court

erred in finding that a 1991 consent order extended his

obligation to pay child support past the age of eighteen.

Finding no error, we affirm.

     The parties married in 1977, separated in 1986, and

divorced September 28, 1990.  They had two children:  Kimberly

Nicole born March 22, 1979 and Jennifer Marie born January 28,

1983.  The trial court entered a child support order on July 31,

1991 that ordered the husband to pay child support to each

child.  Child support continued "until [she] finished school

_____

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

and/or college, dies, marries, or is otherwise emancipated." The husband's counsel endorsed this order as "seen agreed." Neither party appealed that order.

In 1999, the wife filed to enforce the support order, and the husband defended that he had overpaid child support for his oldest daughter because she was eighteen years old and past the age of majority. The husband concedes that she attends college. The trial court ordered the husband to continue paying child support while his daughter was in college and entered judgment for the payments in arrears. The husband argues that the trial court (1) lacked jurisdiction to order child support past the age of majority, and (2) erred in finding that his obligation to pay child support did not end upon the child turning eighteen years old and completing high school.

A divorce court has jurisdiction to provide for support and maintenance of minor children. See Code §§ 20-103 through -109.1. Children attain their majority at the age of eighteen years. See Code § 1.13-42(a)(1). Accord Code § 20-103(v). Jurisdiction to provide support for minors terminates when a child turns eighteen years old.[1] See Hosier v. Hosier, 221 Va.

---

[1] Code § 20-124.2(C) provides:

> The court may order that support be paid for any child of the parties. The court shall also order that support will continue to be paid for any child over the age of eighteen who is (i) a full-time high school student, (ii) not self-supporting,

-

827, 831, 273 S.E.2d 564, 566 (1981); Cutshaw v. Cutshaw, 220

Va. 638, 641, 261 S.E.2d 52, 54 (1979); Eaton v. Eaton, 215 Va.

824, 826, 213 S.E.2d 789, 791 (1975).

However, parties may agree to support their children beyond

reaching the age of majority.  If they do, the courts may

enforce the agreement.  See Hosier, 221 Va. at 831, 273 S.E.2d

at 566 (court's jurisdiction terminates when child reaches

eighteen "unless otherwise provided by agreement incorporated

into the divorce decree"); Cutshaw, 220 Va. at 641, 261 S.E.2d

at 54; Paul v. Paul, 214 Va. 651, 654, 203 S.E.2d 123, 126

(1974) (it is clear that the parties intended to support

children past majority).  It is undisputed that the parties'

daughter turned eighteen years old and is no longer a minor.

---

and (iii) living in the home of the party seeking or receiving child support until such child reaches the age of nineteen or graduates from high school, whichever first occurs.  The court may also order the continuation of support for any child over the age of eighteen who is (i) severely and permanently mentally or physically disabled, (ii) unable to live independently and support himself, and (iii) resides in the home of the parent seeking or receiving child support.  In addition, the court may confirm a stipulation or agreement of the parties which extends a support obligation beyond when it would otherwise terminate as provided by law.  The court shall have no authority to decree support of children payable by the estate of a deceased party.  The court may make such further decree as it shall deem expedient concerning support of the minor children, including an order that any party provide health care coverage.

-

Unless otherwise provided by agreement between the parties, the trial court lacked jurisdiction to order the husband to support her beyond her eighteenth birthday.

The 1991 order provided that the father would support each child "until said child has finished high school and/or college, dies, marries, or is otherwise emancipated." The phrase "or is otherwise emancipated" would only apply if the child was under eighteen and still a minor. The child must have the status of "minor" in order to be emancipated. The phrase "or is otherwise emancipated" could only encompass an event that would free the minor from that status before the status terminated by the inexorable passage of time. By reaching the age of majority, the child could no longer be emancipated because she was no longer a minor.[2] The phrase "or is otherwise emancipated" as used in the child support order cannot limit the determination of whether the order obligated the parties to pay support after a child reached eighteen.

Both parties appeared before the trial court and testified at the hearing on child and spousal support held July 26, 1991. The trial court found that the parties agreed that the husband would continue to pay child support after the children turned eighteen years old. The order memorialized their agreement that

---

[2] Code § 16.1-333 provides that a court may declare a minor emancipated if she is validly married, in the armed forces, or willingly living separate and apart from her parents.

-

support continue until their daughters "finished high school and/or college." Both parties endorsed the order as seen and agreed, and neither party appealed its entry. The language was clear that the parties intended support to continue past the age of majority if the child was enrolled in high school or college and had not been emancipated while a minor.

The husband's interpretation of the 1991 order renders the words "finished high school and/or college" meaningless and of no effect. The order should be interpreted in the same manner as statutes and contracts. "No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." D.C. McClain, Inc. v. Arlington County, 249 Va. 131, 135-36, 452 S.E.2d 659, 662 (1995) (citations omitted).

We conclude that the trial court correctly interpreted its 1991 order. The consent order memorialized the parties' agreement that the husband would support his children past the age of majority if they attended high school or college. Accordingly, we affirm the judgment.

Affirmed.

-