COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


THADDEUS ANTHONY RUANE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1852-16-2               JUDGE JEAN HARRISON CLEMENTS
                                                    OCTOBER 31, 2017
CYNTHIA ANN RUANE


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

Mary Elizabeth White (White Stevens Perry LLC, on briefs), for
appellant.

Darcey Geissler for appellee.


        Thaddeus Anthony Ruane (husband) appeals an amended Qualifying Court Order (QCO).

Husband argues that the trial court erred when it amended the QCO for husband's military

retirement and provided Cynthia Ann Ruane (wife) the former spouse benefit of the Survivor

Benefit Plan (SBP) because the "resulting QCO is not consistent with the substantive provisions of

the Final Decree of Divorce, the QCO amendment substantially alters the original QCO which

terminated military pension benefits to the Wife upon Husband's death, and the amended QCO

contains contradictory terms."  Furthermore, husband argues that the amended QCO violates Code

§ 20-107.3(K)(4) and Rule 1:1 because there was "no apparent award of Former Spouse SBP in the

Trial Court record, the Trial Court did not retain jurisdiction to make further equitable distribution

awards, particularly for relief that Wife never requested in a written pleading, and the Wife never

timely objected to any alleged omission for such an award."  Lastly, husband argues that "Wife

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

failed to assign a cross-error on the lack of a Former Spouse SBP in her cross-assignment of error when this case was first appealed in 2015, making the Final Decree of Divorce, as amended, the law of the case." We find no error, and affirm the decision of the trial court.

BACKGROUND

In 2014, both parties filed a complaint for divorce. The matters were consolidated, and husband's complaint was treated as a counter complaint. The initial issue in the case concerned the validity of a property settlement agreement dated March 18, 2010. Wife sought to have the agreement enforced. However, she stated during closing argument that if the court was not going to uphold the property settlement agreement, then she wanted "an equalization of all retirement accounts." She did not specifically discuss the SBP.

During the trial, husband's attorney asked husband if he was willing to designate wife as the beneficiary of the SBP associated with his military retirement. Husband responded affirmatively. In his closing argument, husband stated, "There is no contest, but that she [wife] get that survivor benefit plan . . . ."

After hearing the evidence and arguments, the trial court issued a partial ruling from the bench before requesting post-trial briefs from the parties. The trial court held that the parties' attempt to reconcile rendered the property settlement agreement unenforceable. Consequently, the trial court addressed equitable distribution. The trial court made several findings, including that "all property in this case is marital, based upon the agreement of counsel." It addressed the retirement as follows:

> The retirement – the marital share will be divided equally. It wasn't entirely marital. I believe you were in the Marine Corps a year before you got married, sir, if I understood Ms. Ruane correctly.
>
> The TSP will be split. She will receive the maximum survivor annuity, and the court is going to receive a post trial brief from

- 2 -

each counsel telling me specifically what other assets should be subject to distribution.

As requested, both parties submitted post-trial written briefs to explain what they were requesting from the court. Wife recited her understanding of the court's ruling and stated that "the marital share of the Husband's military retirement shall be divided equally with full survivor benefits to be maintained for the Wife." In his post-trial brief, husband requested that wife receive fifty percent of the marital share of his military retirement "with full Survivors Benefits (SBP), with monthly SBP premium to be paid by Ms. Ruane."

When the trial court was issuing its ruling, the trial court stated, "As we talked about before, you [wife] will receive 50 percent of the marital shared [sic] military retirement in this case after deduction of the survivor benefit costs." The trial court drafted the final decree of divorce, which did not specifically award the SBP to wife. Instead, the final decree, entered on July 23, 2015, stated that "the Wife shall receive fifty percent (50%) of the marital share of the retirement payments, less the cost of the SBP."

Wife subsequently filed a motion for clarified ruling, but she did not mention the SBP. On August 13, 2015, the trial court entered an order suspending the final decree entered on July 23, 2015. On December 4, 2015, the trial court entered an amended final decree, which did not alter the language regarding the SBP.[1]

Wife drafted the Qualifying Court Orders (QCOs) that divided husband's military retirement. The trial court entered the first QCO on December 4, 2015. Paragraph 8 of the December 4, 2015 QCO stated:

> The Former Spouse, CYNTHIA ANN RUANE, is hereby awarded
> 50% of the marital share of the Member's "disposable retired pay"
> (as that term is defined in 10 U.S.C. Section 1408(a)(4)), less the

---

[1] Husband appealed the final decree of divorce entered on July 23, 2015 and the amended final decree of divorce entered on December 4, 2015. See Ruane v. Ruane, No. 1285-15-2, 2016 Va. App. LEXIS 320 (Va. Ct. App. Nov. 22, 2016).

cost of the SBP which is to be paid out of the Wife's portion, and plus any cost-of-living or other increases thereon if, as, and when received.

The Defense Finance and Accounting Service (DFAS) rejected the December 4, 2015 QCO.

Wife drafted a second QCO, which the trial court entered on March 14, 2016. Paragraph 8 of the March 14, 2016 QCO was revised and stated:

The Former Spouse, CYNTHIA ANN RUANE, is hereby awarded 47.7% of the Member's "disposable retired pay", which is 50% of the marital share of the Member's "disposable retired pay" (as that term is defined in 10 U.S.C. Section 1408(a)(4)), less the cost of the SBP which is to be paid out of the Wife's portion, and plus any cost-of-living or other increases thereon if, as, and when received. The marital share was [sic] by dividing the Member's number of months of service during marriage (270) by his total number of months of service (283). The quotient (95.4%) represented the total marital portion, which was then divided in half for a total of 47.7% for the wife's 50% of the marital share.

Neither QCO specifically awarded the SBP to wife.

When the DFAS rejected the second QCO because it did not specifically state that wife was awarded the SBP, husband's appeal of the final decree of divorce was pending in this Court. Wife filed a motion for leave to amend the QCO and "correct the inadvertent omission and more adequately specify the Wife's award of the Survivor Benefit Plan." Over husband's objection, this Court granted leave for the trial court to consider the motion to correct. See Ruane v. Ruane, No. 1285-15-2 (Va. Ct. App. Oct. 24, 2016).

Wife subsequently filed a "Motion to Amend Clerical Mistake of Inadvertent Omission" in the trial court. Husband filed his objections to the motion. On November 7, 2016, the parties appeared before the trial court. After hearing the parties' arguments, the trial court found that it was everyone's intention for wife to be awarded the SBP, and the award was an omission from the orders. The trial court entered an Amended QCO on November 7, 2016. The Amended QCO added a paragraph to state:

The Former Spouse, CYNTHIA ANN RUANE, is awarded the Survivor Benefit Plan (SBP), and she shall be designated as a former spouse beneficiary of the SBP and she shall be responsible for its cost only as described below. If deemed necessary by DFAS, the Member shall elect the Former Spouse coverage for the Former Spouse. The cost of the Former Spouse's SBP shall be deducted from the Member's retired pay, as required by federal law, and the Former Spouse shall be responsible for reimbursing the Member for the cost of the SBP that he incurs.

This appeal followed.

ANALYSIS

Husband questions the authority of the trial court to amend the QCO pursuant to Code § 8.01-428(B). We review interpretation of statutes *de novo*. Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012).

Husband argues that the award of the SBP to wife in the November 7, 2016 QCO does not reflect the language in the parties' final decree because the final decree did not award the SBP to wife. Husband contends the trial court erred in amending the QCO because it no longer had jurisdiction pursuant to Rule 1:1. Husband correctly states that a trial court speaks through its written orders. See McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008). The final decree of divorce and the first two QCOs did not specifically award the SBP to wife. Wife did not note any objections to the orders and did not raise the issue to the trial court when she sought clarification of the original final decree.

Rule 1:1 states, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." After the expiration of twenty-one days, the order is final. Therefore, when wife filed her motion for leave to amend the QCO, the order was final.

However, there are limited exceptions to Rule 1:1, including Code § 8.01-428(B) that allows the trial court to correct clerical mistakes and inadvertent omissions. Code § 8.01-428(B) states:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Wife argued that the QCO inadvertently omitted the language to award her the SBP. The QCO included the language that she would be responsible for the cost of the SBP, but did not specifically award her the SBP, which was required by DFAS. Husband argued that the language about the SBP was not an inadvertent omission from the final decree as contemplated by Code § 8.01-428(B).

In Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956), the Supreme Court of Virginia adopted the rule that "a court has inherent power to correct any clerical error or misprision in the record so as to cause its acts and proceedings to be set forth correctly."

In Cutshaw v. Cutshaw, 220 Va. 638, 261 S.E.2d 52 (1979) (per curiam), the Supreme Court of Virginia applied the rule to a case in which a trial court entered an order *nunc pro tunc* to implement a ruling from almost three years earlier. The trial court found that counsel's failure to prepare the requested order was an "'oversight.'" Id. at 641, 261 S.E.2d at 53. Citing Code § 8.01-428(B) and Council, the Supreme Court of Virginia held that "[a] court has the power to correct such ministerial omissions *nunc pro tunc* when the record clearly supports such corrections." Id.

In Belew v. Commonwealth, the Supreme Court of Virginia again examined Code § 8.01-428(B). In Belew, a court reporter failed to transcribe and file a hearing transcript

"because of an error in the trial court's case management system." Belew, 284 Va. at 179, 726 S.E.2d at 260. The Supreme Court of Virginia held that the omission of the transcript was "clerical error" and the circuit court had the authority to make it part of the record. Id. at 181, 726 S.E.2d at 261. The Supreme Court of Virginia stated, "The only relevant questions under the provisions of Code § 8.01-428(B) are whether the nature of the correction falls in the category of '[c]lerical mistakes' or 'errors' in a judgment or 'other parts of the record' and whether such mistakes or errors arose 'from oversight or from an inadvertent omission.'" Id. at 180, 726 S.E.2d at 261.

Contrary to husband's arguments, the trial court did not err in entering the amended QCO. Wife filed the necessary motions to seek leave of this Court in order for the trial court to address the issue. Once she was granted leave, she filed a motion with the trial court, and a hearing was scheduled. At the November 7, 2016 hearing, the trial court found that there was an inadvertent omission in the QCO. The trial court noted that during the divorce proceedings, "the only thing on which the parties did agree was the SBP." The trial court further stated that "it was clearly intended by the Court that Ms. Ruane receive the SBP." After commenting that the QCO states that wife is responsible for the costs of the SBP, the trial court asked rhetorically, "Well, folks, is it appropriate for her to pay the cost of an SBP that might flow to somebody else? That's just idiocy." The trial court stated, "The Court intended that Ms. Ruane be awarded the SBP. That's why she was paying for it . . . ." Then, the trial court explained,

> But it is clear, if you read the record, the Court intended that
> Ms. Ruane receive the SBP. Referenced it twice.
>
> In retrospect, perhaps because the award itself wasn't an issue, the
> Court failed to address it. And the for – Court focused on the
> contested issues, which were as numerous as the stars in the sky,
> and failed to address the simplest thing. Nobody picked up on it.

- 7 -

The trial court also examined Code § 8.01-428(B) and found that "this is exactly the thing this kind of statute was intended to address because Courts are human, counsel are human, and we miss things, particularly in a hotly contested environment like this case." The trial court went further and held,

> It's a clear, clear omission. Wasn't a clerical mistake. It wasn't like the addition of an S to a word making it plural and giving a different result, it was an omission. An unintended omission, clearly supported by the record in this Court's review and as I recall, the evidence in the case.

Husband argues that the trial court was changing its ruling when it amended the QCO. This Court has acknowledged that "the power to amend should not be confounded with the power to create. While the power is inherent in the court, it is restricted to placing upon the record evidence of judicial action which has actually been taken, and *presupposes action taken at the proper time.*" Minor v. Commonwealth, 66 Va. App. 728, 742, 791 S.E.2d 757, 763 (2016) (quoting Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996)). The Supreme Court of Virginia has explained that "[t]he court's authority in this connection extends no further than the power to make the record entry speak the truth." Council, 198 Va. at 292, 94 S.E.2d at 248.

Contrary to husband's arguments, the amendment of the QCO did not alter the trial court's ruling; instead, the amendment was necessary to reflect what the parties agreed to and the trial court's ruling. During the equitable distribution hearing, husband agreed that wife would be awarded the SBP. He testified to that fact, and then requested the award in his post-trial brief. In her post-trial brief, wife recited her understanding of the court's ruling and stated that "the marital share of the Husband's military retirement shall be divided equally with full survivor benefits to be maintained for the Wife." It is clear from the record that the trial court and the parties agreed that wife would receive the SBP. While issuing its ruling, the trial court stated,

- 8 -

"As we talked about before, you [wife] will receive 50 percent of the marital shared [sic] military retirement in this case after deduction of the survivor benefit costs."

Furthermore, husband argued that wife did not timely object to the omission of the SBP award. However, under Code § 8.01-428(B), inadvertent omissions may be corrected "at any time."

Accordingly, considering the facts of this case, we find that the trial court did not err by amending the QCO pursuant to Code § 8.01-428(B) because there was an inadvertent omission when the previous QCO did not specify that wife was awarded the SBP. Since we find that the trial court had the authority to amend the QCO pursuant to Code § 8.01-428(B), we need not address the argument that it lacked authority under Code § 20-107.3(K)(4). See Williams v. Williams, 32 Va. App. 72, 77, 526 S.E.2d 301, 303 (2000).

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Since this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed. In order for the final decree to reflect the amended QCO, this matter is remanded to the trial court to amend the final decree of divorce pursuant to Code § 8.01-428(B) and add the award of the SBP, as discussed herein.

Affirmed.