PRESENT:  All the Justices

VICKIE MARRS BELEW

                                               OPINION BY
v.    Record No. 110532         JUSTICE WILLIAM C. MIMS
                                           June 7, 2012
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in declining to consider a transcript that was not filed within the 60-day period set forth in Rule 5A:8(a) but that ostensibly was made part of the record by the circuit court under Code § 8.01-428(B) and Rule 5A:9 as the correction of a clerical mistake.

I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Belew was convicted in the Circuit Court of Albemarle County of felony failure to stop at the scene of an accident, in violation of Code § 46.2-894.  On May 25, 2010, the court entered final judgment sentencing her to a term of five years' imprisonment and suspending all but ninety days of incarceration.

Belew commenced her appeal by filing a timely notice of appeal.  On July 12, 2010, the court reporter filed transcripts of proceedings from March 17 and May 25, 2010.  However, no transcript was filed of proceedings from March 3, 2010, the date on which the circuit court heard testimony and received

evidence, because the case management system indicated that proceedings scheduled for that day had been continued.

Belew did not realize the March 3, 2010, transcript ("the Missing Transcript") had been omitted until September 16, 2010. Upon discovering the omission, she promptly notified the court reporter, who prepared the Missing Transcript and filed it on September 22, 2010. Belew then moved the circuit court under Code § 8.01-428(B) to make the Missing Transcript part of the record, asserting that the court reporter's failure to file it in a timely manner was a clerical mistake within the contemplation of the statute. The Commonwealth's attorney did not oppose the motion. The circuit court entered an order on September 24, 2010 making the Missing Transcript part of the record. The court also entered an order under Rule 5A:9 ordering the clerk of court to transmit the Missing Transcript to the Court of Appeals.

Belew filed a petition for appeal in the Court of Appeals on October 7, 2010. Thereafter, the Court of Appeals entered a per curiam order denying the petition. The per curiam order stated that Belew

> timely noted her appeal. She timely filed transcripts of the preliminary hearing, the March 17 trial date, and the sentencing hearing. Belew did not timely file a transcript of the March 3 trial date.

. . . .

> Belew did not file the trial transcript within sixty days, as required by [Rule 5A:8(a)]. Furthermore, Belew has never requested this Court to grant an extension of the deadline. While this Court sympathizes with the problems encountered by counsel, the undisputed fact remains the transcript was not timely filed. Counsel had a responsibility to ensure preparation of the transcript, or request an extension. Since the transcript was not timely filed, the Court will not consider it in evaluating this appeal.

(Footnote omitted). The order further stated that without the Missing Transcript, the record on appeal was insufficient to allow the Court of Appeals to review her assignments of error, which therefore were waived. We awarded Belew this appeal.

## II. ANALYSIS

Belew argues that the Court of Appeals erred by failing to give effect to the circuit court's orders under Code § 8.01-428(B) and Rule 5A:9 making the Missing Transcript part of the record on appeal. This argument raises the question of whether the circuit court's orders were validly entered pursuant to authority conferred by the statute and the Rule. We review interpretation of statutes and the Rules of this Court de novo. LaCava v. Commonwealth, 283 Va. 465, 470-71, 722 S.E.2d 838, 840 (2012).

Generally, a circuit court loses jurisdiction over a case 21 days after the entry of a final order. Rule 1:1; see also Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 563, 561

3

S.E.2d 734, 739 (2002) ("Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case."). However, the general rule may be superseded by a statute in which the General Assembly expresses its intent that courts retain jurisdiction. See Commonwealth v. Morris, 281 Va. 70, 77, 705 S.E.2d 503, 506 (2011) (recognizing that statutes may create exceptions to Rule 1:1). Code § 8.01-428(B) provides that

> [c]lerical mistakes in all judgments or other
> parts of the record and errors therein arising
> from oversight or from an inadvertent omission
> may be corrected by the court at any time on its
> own initiative or upon the motion of any party
> and after such notice, as the court may order.
> During the pendency of an appeal, such mistakes
> may be corrected before the appeal is docketed
> in the appellate court, and thereafter while the
> appeal is pending such mistakes may be corrected
> with leave of the appellate court.

Because Code § 8.01-428(B) expressly allows a court to correct qualifying mistakes "at any time," it confers jurisdiction on courts beyond the 21-day period for that limited purpose.

We considered the scope of this statutory exception in Lamb v. Commonwealth, 222 Va. 161, 279 S.E.2d 389 (1981). In that case, the court reporter had incorrectly transcribed the word "Lee" as "me" on line 9 of page 58 of the first volume of the transcript. The circuit court entered an order under the statute correcting the transcript at the request of the

4

Commonwealth and the defendant appealed. Id. at 163, 279 S.E.2d at 390-91. We held that the term "clerical mistake" as used in the statute was sufficiently broad to encompass oversight or inadvertent omission by court reporters as well as clerks of court and their subordinates. Id. at 164-65, 279 S.E.2d at 391-92.

We also held that for the purposes of the statute, an appeal "is docketed in the appellate court" when the petition for appeal is received in the appellate court. Id. at 165, 279 S.E.2d at 392. Although we acknowledged that the assignment of a record number and receipt of the record are incidents of the appeal becoming "docketed," we nevertheless identified the receipt of the petition for appeal as the determinative event for the purpose of Code § 8.01-428(B). Id. at 165, 279 S.E.2d at 392. We considered and rejected the notion that an appeal be determined to be docketed upon receipt of the record, even though "[i]n many instances, the record is received before the petition for appeal is filed." Id. Thus, while the deadline for filing a petition for appeal in the Court of Appeals runs from the date on which the record is filed in that court, Rule 5A:12(a), this fact does not alter our analysis. In both the Court of Appeals and this Court, the filing of the petition for appeal is determinative. It is only in the petition for appeal where the appellant must identify the errors relied on.

5

Compare Rule 5:17(c)(1) with Rule 5A:12(c)(1).  Further, the filing of the petition is jurisdictional, and if the appellant fails to file on time, the appeal is dismissed.  See, e.g., Jay v. Commonwealth, 275 Va. 510, 517-18, 659 S.E.2d 311, 315 (2008) (contrasting dismissal of an appeal for a jurisdictional defect with denying an asserted ground for appeal because of a non-jurisdictional defect).

In this case, there is no question that the court reporter failed to transcribe and file the Missing Transcript because of an error in the trial court's case management system.  No one suggests that the court reporter's failure to do so was anything other than an "oversight" or "inadvertent omission" under Code § 8.01-428(B).  Likewise, the facts establish beyond dispute that the circuit court granted Belew's motion to make the Missing Transcript part of the record prior to the filing of her petition for appeal and while it had jurisdiction to do so under the statute.  Because the circuit court retained statutory authority to correct the record, it was authorized under Rule 5A:9 to make the Missing Transcript part of the record on appeal.

Accordingly, Rule 5A:8(a) did not require Belew to file a motion in the Court of Appeals for an extension of time to make the Missing Transcript part of the record.  The circuit court's

6

statutory authority to correct the record superseded the requirements of the Rule.

The Commonwealth argues that the omission of the Missing Transcript from the record was not a clerical mistake within the meaning of the statute.  Echoing the Court of Appeals, the Commonwealth points to Belew's failure to observe that the Missing Transcript had not been filed within the 60-day period set forth in Rule 5A:8(a).  The Commonwealth notes that Belew filed a notice of filing transcripts as required by Rule 5A:8(b) on July 15, 2010.  That document specifically noted the filing of transcripts of proceedings from March 17 and May 25, 2010 but did not include the Missing Transcript.  The Commonwealth asserts she therefore knew that it had not been filed.  Any oversight or inadvertent omission of the court reporter by not filing the Missing Transcript, according to the Commonwealth, was superseded by Belew's failure to investigate the omission promptly.  A prompt investigation would have permitted her either to file the Missing Transcript before the 60-day period expired on July 24, 2010, or at least to file a motion in the Court of Appeals for an extension of time pursuant to Rule 5A:8(a).  However, the Commonwealth continues, by September 16, 2010, when she realized the Missing Transcript had not been filed, both options were foreclosed.  We disagree.

No provision in Code § 8.01-428(B) supports the Commonwealth's argument that the court reporter's oversight or inadvertent omission due to the erroneous case management system entry was superseded by Belew's failure to notice and react to the omission of the Missing Transcript before the Rule 5A:8(a) 60-day deadline expired.  To the contrary, even a party's failure to prepare an order was deemed an "oversight" in Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979).  There, the chancellor asked the party to prepare an order to reflect the chancellor's decision in a divorce proceeding.  Id. at 640, 261 S.E.2d at 53.  Several years later when the oversight was realized, the chancellor entered a nunc pro tunc order to reflect the earlier decision.  Id.  Citing Code § 8.01-428(B), this Court stated that a trial court "has the power to correct such ministerial omissions."  Id. at 641, 261 S.E.2d at 53.

The Commonwealth also argues that Lamb is distinguishable because in that case we merely upheld the correction of an error in a transcript that was already part of the record.  We again disagree.

There is no statutory language or case law that restricts the application of the statute and deprives the circuit court of authority to make an omitted volume of the transcript part of the record along with the other volumes it already

8

contained.  The only relevant questions under the provisions of Code § 8.01-428(B) are whether the nature of the correction falls in the category of "[c]lerical mistakes" or "errors" in a judgment or "other parts of the record" and whether such mistakes or errors arose "from oversight or from an inadvertent omission."

Although the circuit court's order in Lamb was limited to a specific correction of a word within a transcript and in this case the transcript of an entire day of proceedings was omitted, this is a distinction without a difference.  While the mistake in Lamb was a single word in one transcript volume, the error in Cutshaw was the omission of an entire order requested by the chancellor.  In neither case did the Court base its decision on the magnitude of the mistake to be corrected.

To hold otherwise would open the door to a series of questions to define the scope of the statute when a court reporter inadvertently omits part of a trial's proceedings.  Would Code § 8.01-428(B) permit the circuit court to correct a transcript where only a witness's response to a question was omitted?  Where his cross-examination was omitted?  Where his entire testimony was omitted?  Where a party's opening statement or closing argument was omitted?  Fortunately, the plain language of Code § 8.01-428(B) neither requires nor permits us to draw such arbitrary distinctions.

9

Accordingly, the omission of the Missing Transcript was clerical error within the meaning of Code § 8.01-428(B) and the circuit court had authority under the statute to correct the error prior to Belew's filing of her petition for appeal in the Court of Appeals.  The court thus had authority under Rule 5A:9 to make the Missing Transcript part of the record and Belew was not required to seek an extension of time from the Court of Appeals under Rule 5A:8(a).  Consequently, the Court of Appeals erred in failing to consider the Missing Transcript in its review of the petition for appeal.  We therefore will reverse its judgment and remand with directions to review the petition on its merits, considering the Missing Transcript as part of the record.

<u>Reversed and remanded.</u>

JUSTICE POWELL, with whom JUSTICE GOODWYN and JUSTICE MCCLANAHAN join, dissenting.

In my opinion, Code § 8.01-428(B) does not govern the outcome of this case and, therefore, I must respectfully dissent from the majority decision.  I agree with the majority to the extent that, because this Court has held that Code § 8.01-428(B) allows for the correction of a clerical mistake involving a single word, we might, at some point, be called upon to allow for the correction of the inadvertent omission of

10

an entire paragraph, page or group of pages.[1]  When such a

situation presents itself and the details are sufficiently

fleshed out, I might agree that this Court cannot draw the line

as to the extent of the clerical mistake that can be corrected

within a transcript.  However, this is not that case.

---

[1] I question the majority's reliance on Lamb v.
Commonwealth, 222 Va. 161, 279 S.E.2d 389 (1981), in its
determination for when an appeal is docketed in the Court of
Appeals.  As we explained in Lamb, "there is no time limit
within which leave of this Court may be granted."  Id. at 166,
279 S.E.2d at 392.  Rather than dispose of the issue by simply
granting ex post facto leave to Belew to correct the
transcript, as we did in Lamb, the majority instead goes to
great lengths to apply the holding of Lamb to the Court of
Appeals while at the same time dismissing the underlying
rationale of that holding.
    As an initial matter, I find it significant that Lamb was
decided in 1981, four years before the General Assembly created
the Court of Appeals.  This Court could not have contemplated
the significant differences in the Rules of Court applicable to
the appellate process in this Court and those applicable to the
Court of Appeals.
    Furthermore, our decision in Lamb was based on the fact
that "[a] record number is assigned which identifies the
petition and all other documents, including the record, that
are filed in connection therewith until the final disposition
of the case in our Court."  Id. at 165, 279 S.E.2d at 392.
Significantly, no other rationale is stated.  In this Court,
the record number is only assigned upon the filing of the
petition for appeal.  Id.  Although the record may arrive prior
to the filing of the petition for appeal, no record number is
assigned until the petition for appeal is filed.  In the Court
of Appeals, however, the record number is assigned upon the
filing of the record, as demonstrated by the letter sent by the
Court of Appeals clerk's office dated September 14, 2010
informing the parties that the record had been transmitted from
the trial court to the Court of Appeals.  The letter clearly
indicates that a record number (1168-10-2) had been assigned to
the case.  Recognizing this fact, the majority simply dismisses
the original rationale of Lamb as a mere "incident[] of the
appeal becoming 'docketed'" and proceeds to ascribe an entirely
new rationale.

Despite the majority's assertions to the contrary, the issue before this Court is not the clerical error made by the court reporter, nor is it how a court reporter compartmentalizes what is transcribed. The issue before this Court is Belew's failure to timely notice that an entire transcript, consisting of the lion's share of her trial, was missing and her subsequent failure to take appropriate action.

The majority ignores the fact that there is a significant difference between an omission within a transcript and the omission of an entire transcript or an entire volume of a transcript. While the former may not be readily apparent within the 60 day-period for filing transcripts as set forth in Rule 5A:8(a), the same cannot be said for the latter. It is especially true in this instance, where Rule 5A:8(b)(2), entitled "Multiple Transcripts," required appellant to "identify all transcripts filed" and Belew specifically identified only the transcripts for March 17 and May 25, 2010, as being filed.

The majority goes to great lengths to demonstrate the fact that the actions of the court reporter were inadvertent, a position with which I take no issue. Rather, my issue is with the fact that the majority never addresses Belew's failure to follow Rule 5A:8(a) after the court reporter's mistake became

12

readily apparent.  A mistake on the part of the court reporter cannot excuse Belew's inattentiveness to the omission.

The majority asserts that the court reporter's inadvertent omission is not superseded by Belew's failure to follow Rule 5A:8(a); however, the majority never explains the converse: how the inadvertent omission of the court reporter supersedes Belew's failure to follow Rule 5A:8(a) due to her own, admitted, inattentiveness.  Rule 5A:8(b)(4)(ii) specifically states that "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, <u>any assignments of error affected by such omission shall not be considered</u>."  (Emphasis added.)  Similarly, this Court has repeatedly admonished that "the onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges."  <u>White v. Morano</u>, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995).  The majority, however, would add an exception to Rule 5A:8(b)(4)(ii) such that it would not apply to an inattentive appellant who was, or should have been, aware that the record was deficient due to a clerical error that was readily apparent and subject to correction.

Furthermore, Belew could have taken advantage of Rule 5A:8(a) to correct the omission.  As we recently explained,

13

"[t]he plain language of Rule 5A:8(a) provides a party 90 days from the entry of final judgment within which to file a motion to extend the 60-day period within which to file transcripts." LaCava v. Commonwealth, 283 Va. 465, 471, 722 S.E.2d 838, 840 (2012). On July 26, 2010,[2] the deadline for filing transcripts expired and Belew was, or should have been, aware that an entire transcript was missing. At that point, she still had twenty-eight days, until August 23, 2010, to file a request for an extension with the Court of Appeals.

In my opinion, the majority mischaracterizes the Commonwealth's argument. The Commonwealth does not, as the majority states, argue that Belew's inattentiveness supersedes the court reporter's inadvertent omission. Rather, the Commonwealth argues that Code § 8.01-428(B) cannot be used to supplement a deficient record. The plain language of both Code § 8.01-428(B) and Rule 5A:8(a) clearly support the Commonwealth's argument.

The holdings in our prior cases addressing the applicability of Code § 8.01-428(B) clearly define the limitations of its reach. Code § 8.01-428(B) is specifically limited to "[c]lerical mistakes in all judgments or other parts

---

[2] July 24, 2010, fell on a Saturday. Therefore, the transcript was not due until the following Monday, July 26, 2010.

14

of the record." (Emphasis added.) This Court has recognized that "the statutory power granted by Code § 8.01-428 is to be narrowly construed and applied." Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996). We have consistently held that the proper use of Code § 8.01-428(B) is to make an incorrect record "speak the truth." See Jefferson v. Commonwealth, 269 Va. 136, 140, 607 S.E.2d 107, 110 (2005); School Bd. of the City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555, 379 S.E.2d 319, 322 (1989).

> Examples of clerical errors include a
> typographical error made by a court reporter
> while transcribing a court proceeding, Lamb v.
> Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389,
> 392 (1981), or an unintended error in the
> drafting of a divorce decree, Dorn v. Dorn, 222
> Va. 288, 291, 279 S.E.2d 393, 394 (1981).

Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002). Notably, we have never extended Code § 8.01-428(B) to entirely missing transcripts or volumes of transcripts.

Rule 5A:8(a), on the other hand, establishes that a transcript only becomes "part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." (Emphasis added). Thus, a transcript that is not filed within 60 days after entry of the final judgment is not part of the record. In the present case, the Missing Transcript was filed 120 days after entry of the

15

final judgment.  As such, the Missing Transcript was never made a part of the record and, therefore, Code § 8.01-428(B) has no applicability.

I also find the majority's reliance on Cutshaw v. Cutshaw, 220 Va. 638, 261 S.E.2d 52 (1979), misplaced.  As an initial matter, the "oversight" in Cutshaw involved the omission of an order, which could be corrected nunc pro tunc.

> The purpose of an order entered nunc pro tunc is to correct mistakes or omissions in the record so that the record properly reflects the events that actually took place.  Orders entered nunc pro tunc cannot retroactively record an event that never occurred, or have the record reflect a fact that never existed.

Antisdel v. Ashby, 279 Va. 42, 50-51, 688 S.E.2d 163, 168 (2010) (citations omitted).  This is something entirely different from Belew's failure to follow a Rule of Court.

Furthermore, the entire holding in Cutshaw was: "A court has the power to correct such ministerial omissions nunc pro tunc when the record clearly supports such corrections."  Id. at 641, 261 S.E.2d at 53 (emphasis added).  Such orders "can only be entered where there is sufficient record evidence to authorize the amendment."  Council v. Commonwealth, 198 Va. 288, 291, 94 S.E.2d 245, 247 (1981).  Therefore, Cutshaw is particularly inapposite, as the present case does not involve the correction of the record nunc pro tunc; rather, the present case involves the supplementation of a deficient record.

16

I would further note that the majority ignores the affirmative act inherent in Belew's notice of filing transcripts. In her notice of filing transcripts, Belew specifically stated that only the transcripts for March 17 and May 25, 2010, were filed. We have previously held that the affirmative acts of counsel are not "oversight" or an "inadvertent error" under Code § 8.01-428(B). Morgan v. Russrand Triangle Assocs., L.L.C., 270 Va. 21, 26, 613 S.E.2d 589, 591 (2005). The argument that it was an oversight might have been stronger had the notice of filing transcripts mentioned the Missing Transcript. However, by failing to include the Missing Transcript, Belew affirmatively represented that she knew that it was not, in fact, filed.

Our holding in Wellmore Coal Corp. is particularly applicable to the present case. In Wellmore Coal Corp., this Court examined the applicability of Code § 8.01-428(B) to a party's failure to follow a Rule of Court. There, a foreign attorney was admitted pro hac vice to represent appellant. Id. at 281, 568 S.E.2d at 672. The initial notice of appeal was signed only by the foreign attorney. Id. An amended notice of appeal signed by both local counsel and the foreign attorney was subsequently filed. Id. at 282, 568 S.E.2d at 672. When the appellees filed a motion to dismiss the appeal on the basis that the appellant failed to comply with Rule 1A:4 and the

17

amended notice of appeal was untimely pursuant to Rule 5:9(a), the appellant argued that local counsel's failure to sign "was curable pursuant to Code § 8.01-428(B)." Id. In analyzing whether Code § 8.01-428(B) applied, this Court explained that Code § 8.01-428(B) only applies to clerical mistakes, and that a party's failure to follow a Rule of Court, "does not constitute a clerical error contemplated by Code § 8.01-428(B)." Id. at 283, 568 S.E.2d at 673 (emphasis added). Thus, under Wellmore Coal Corp., Belew's inattentiveness and failure to follow Rule 5A:8(a) cannot be corrected using Code § 8.01-428(B).

Furthermore, by classifying Belew's inattentiveness as a clerical mistake arising from an oversight, the majority has, in effect, negated the filing deadlines established in Rule 5A:8(a). Indeed, I believe that the majority's holding runs the risk of effectively negating all filing deadlines under the Rules of Court, so long as a party claims that the failure was due to inattentiveness.

In summation, our jurisprudence establishes that Code § 8.01-428(B) should only be utilized when there is an error or omission in the record that is demonstrably contradicted by other comments or documents and, therefore, causes the record to fail to speak the truth. By contrast, Rule 5A:8(a) is used when an appellant has failed to provide the Court with a record

18

sufficient for resolution of the appeal.  The facts of this case clearly fall into the latter category, not the former.

For all the foregoing reasons, I cannot join in the majority's opinion.  Rather, I would find that the Missing Transcript was untimely filed.  Accordingly, I would affirm the decision of the Court of Appeals.