COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Chafin and Decker
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1883-15-4                      JUDGE TERESA M. CHAFIN
                                                    MAY 24, 2016

VENTURA LINARES CABALLERO


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                Robert J. Smith, Judge

            Victoria Johnson, Assistant Attorney General (Mark R. Herring,
            Attorney General, on briefs), for appellant.

            Lauren Whitley, Senior Assistant Public Defender, for appellee.


        In this pretrial appeal filed pursuant to Code § 19.2-398, the Commonwealth challenges

the Circuit Court of Fairfax County's decision to suppress the statements the appellee, Ventura

Linares Caballero ("Linares Caballero"), made to police officers during the course of a custodial

interrogation.  Specifically, the Commonwealth contends that the circuit court erred by

concluding that Linares Caballero:  1) clearly invoked his right to remain silent, and 2) did not

knowingly and intelligently waive that right.  For the reasons that follow, we conclude that the

Commonwealth has waived these issues, and therefore, we affirm the circuit court's decision.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND[1]

Linares Caballero was indicted for the aggravated sexual battery of an eleven-year-old girl in violation of Code § 18.2-67.3. Before his trial for that offense, Linares Caballero filed a motion to suppress the statements that he made to police officers with the assistance of a Spanish-language interpreter while he was in their custody on the night that the offense was reported. Linares Caballero argued that the police obtained those statements from him by violating his privilege against self-incrimination guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and their counterparts in the Virginia Constitution. A judge denied the motion at the conclusion of a pre-trial hearing on the issue, and Linares Caballero's case proceeded to trial.

A two-day jury trial began on July 21, 2015, with a different judge presiding over the proceedings.[2] On the first day of the trial, the jury heard opening statements from the parties and evidence from several of the Commonwealth's witnesses. A video of Linares Caballero's conversation with the police that was challenged in his pretrial motion to suppress was played for the jury.

At the beginning of the second day of the trial, Linares Caballero requested the presiding judge to reconsider the previously denied motion to suppress his statements. The judge agreed to reconsider the issue and granted the motion. After reviewing the video of Linares Caballero's conversation with the police, the judge noted that Linares Caballero appeared to have a "compromised intellectual ability," that he told the police officers numerous times that he did not

---

[1] Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

[2] Judge John M. Tran heard the initial motion to suppress and entered the order denying that motion. Judge Robert J. Smith presided at trial and denied the Commonwealth's subsequent motion to reconsider the suppression of the evidence.

understand his constitutional rights, and that at one point he told the officers that he did not want to talk to them. Based on these circumstances, the judge concluded that Linares Caballero did not knowingly and intelligently waive his right to remain silent and that he clearly invoked that right during the interrogation.[3] The judge suppressed the statements, granted Linares Caballero's motion for a mistrial, and discharged the jury.

Both the Commonwealth and Linares Caballero filed motions with the circuit court in anticipation of a second trial. The Commonwealth filed a "Notice and Motion to Introduce Evidence" requesting the circuit court to allow the presentation of Linares Caballero's recorded statements to the police officers. In this motion, the Commonwealth argued that the circuit court should have concluded that Linares Caballero knowingly and intelligently waived his right to remain silent based on a review of his entire conversation with the police and the context of his statements.[4] The Commonwealth also argued that Linares Caballero did not clearly and unambiguously invoke his right to remain silent. Linares Caballero filed a "Motion to Enforce Rulings from Prior Trial," in which he argued, among other things, for the circuit court to enforce its "decision to grant the motion to reconsider [his] [m]otion to suppress on July 22, 2015."

---

[3] Although the Commonwealth appealed this mid-trial reconsideration of Linares Caballero's motion to suppress, this Court concluded that it did not have jurisdiction to consider the appeal under Code §§ 19.2-398 and 19.2-400 because the challenged ruling was made after a jury had been impaneled and sworn. Commonwealth v. Linares Caballero, Record No. 1211-15-4 (Va. Ct. App. October 5, 2015).

[4] The police explained the constitutional rights outlined in Miranda v. Arizona, 384 U.S. 436 (1966), to Linares Caballero for almost an hour.

- 3 -

The circuit court held a hearing on these motions on October 23, 2015.[5]  In an order entered on November 13, 2015, the circuit court denied the Commonwealth's motion and granted Linares Caballero's motion.  In the order, the circuit court based its decisions on "constitutional grounds" without providing any further explanation.  The Commonwealth filed its notice of appeal concerning the decisions on November 16, 2015.

A transcript of the October 23, 2015 motions hearing was not filed with the circuit court clerk until December 23, 2015.  The Commonwealth filed a "Notice of Filing of Transcripts" with the circuit court clerk on December 30, 2015, and filed its petition for appeal with this Court on January 6, 2016.  On January 13, 2016, Linares Caballero filed a motion to dismiss the Commonwealth's petition for lack of jurisdiction, alleging numerous procedural errors that would result in the dismissal or waiver of the Commonwealth's appeal.[6]  On February 11, 2016, a panel of this Court granted the Commonwealth's petition and awarded it an appeal, directing both parties to address the procedural issues raised in Linares Caballero's motion to dismiss in their appellate briefs along with the substantive issues raised by the Commonwealth.

## II.  ANALYSIS

Although Linares Caballero challenges the Commonwealth's appeal on several procedural grounds, the Commonwealth's failure to timely file the transcript from the October 23, 2015 motions hearing is dispositive of this appeal.  That transcript is indispensable for the determination of this case.  Without the October 23, 2015 transcript, the Commonwealth has failed to present this Court with a record sufficient to resolve the issues before it.

---

[5] Both parties agree that no additional evidence was presented at the October 23, 2015 hearing.  While the November 13, 2015 order did not directly address the issue, it implied that no additional evidence was presented by noting that the circuit court made its decisions "after hearing argument."

[6] Linares Caballero also filed a brief in opposition with this Court addressing the merits of the arguments presented in the Commonwealth's petition on January 19, 2016.

- 4 -

"The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

The deadline for filing transcripts in a pretrial appeal by the Commonwealth is stated in Code § 19.2-405.[7] That statute accelerates the deadline for filing transcripts in a pretrial appeal. See Code § 19.2-405 and Rule 5A:8. Code § 19.2-405 provides that, in a pretrial appeal[8]:

> The transcript or written statement of facts shall be filed with the clerk of the circuit court from which the appeal is being taken, no later than 25 days following entry of the order of the circuit court. Upon motion of the Commonwealth, the Court of Appeals may grant an extension of up to 45 days for filing the transcript or written statement of facts for good cause shown.

A transcript must be timely filed within these deadlines to become part of the record. See Rule 5A:8(a). An appellant's failure to timely file a transcript, however, is not necessarily fatal to his or her appeal. "The failure of a party to file a transcript does not affect our authority to decide the case [and] . . . we routinely fulfill our obligation to decide the merits of appeals when a transcript has not been filed, if the issue is one that can be resolved without it." Smith v. Commonwealth, 56 Va. App. 351, 362, 693 S.E.2d 765, 771 (2010). "The absence or late filing

---

[7] "We review interpretation of statutes and the Rules of this Court *de novo*." Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012).

[8] Code § 19.2-405 also states that "[t]he record on appeal shall conform, as nearly as practicable, to the requirements of Part Five A of the Rules of the Supreme Court for the record on appeal, except as hereinafter provided."

of [a] transcript . . . does nothing to diminish our jurisdiction. If the record on appeal is sufficient in the absence of the transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." Turner, 2 Va. App. at 99, 341 S.E.2d at 402. Conversely, "[i]f we determine that the transcript is indispensable and is not a part of the record before us for review, we [do not consider] the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented." Id. The decision to review a case on appeal without a relevant transcript is "the rare exception rather than the general rule." Wolfe v. Commonwealth, 6 Va. App. 640, 644, 371 S.E.2d 314, 316 (1988).

In the present case, the Commonwealth concedes that the transcript from the October 23, 2015 hearing was not timely filed. As the circuit court entered the order regarding the motions addressed in the October 23, 2015 hearing on November 13, 2015, and the Commonwealth did not request an extension of time from this Court to file the transcript of that hearing, Code § 19.2-405 required the transcript to be filed by December 8, 2015. The transcript, however, was not filed until December 23, 2015, fifteen days after the filing deadline. Despite this untimely filing, the Commonwealth contends that we should address the merits of its appeal because the transcript of the October 23, 2015 hearing is not indispensable for the resolution of this case.

We disagree with the Commonwealth's argument. In this case, we cannot determine the bases for the circuit court's rulings without the transcript from the October 23, 2015 hearing. The circuit court considered two motions in that hearing: the Commonwealth's motion to introduce evidence and Linares Caballero's motion to enforce prior rulings. Additionally, the motions involved constitutional arguments as to whether Linares Caballero knowingly and intelligently waived his right to remain silent and whether he clearly and unambiguously invoked that right.

In its November 13, 2015 order, the circuit court denied the Commonwealth's motion and granted Linares Caballero's motion on "constitutional grounds." As the circuit court did not provide any additional explanation of its decisions in the order, we cannot determine the specific "constitutional ground" the circuit court relied on to reach its decisions without clarification from the transcript of the October 23, 2015 hearing. The decisions in the November 13, 2015 order could be construed to be based on Linares Caballero's failure to knowingly waive his rights, his clear invocation of his rights, or both.

Although the Commonwealth argues that we can determine the grounds of the circuit court's decisions by referring to the transcripts from earlier proceedings during Linares Caballero's prosecution, the circuit court did not state that its decisions in the November 13, 2015 order incorporated the reasoning of a prior decision.[9] While the same issues were addressed in the hearing concerning Linares Caballero's initial motion to suppress and the reconsideration of that motion at trial, the November 13, 2015 order did not refer to either of these prior proceedings.

Furthermore, the circuit court granted Linares Caballero's motion to enforce prior rulings and denied the Commonwealth's motion to introduce Linares Caballero's statements in the same order after both motions were argued in the same hearing. Without clarification from the transcript of the October 23, 2015 hearing, the grounds of the circuit court's decisions are unclear. The November 13, 2015 order could be construed to reinstate the circuit court's midtrial ruling on Linares Caballero's motion to reconsider his motion to suppress based on the same reasoning that supported its decision at trial, or to reinstate that ruling based on a different

---

[9] We note that the Commonwealth's notice of filing regarding the October 23, 2015 transcript did not reference any transcripts from other proceedings. See Rule 5A:8(b)(2) ("When multiple transcripts are filed, . . . [t]he notice of filing transcripts shall identify all transcripts filed and the date upon which the last transcript was filed.").

rationale adopted after considering the Commonwealth's motion to introduce Linares Caballero's statements.

Without the October 23, 2015 transcript, we cannot ascertain the bases for the circuit court's decision to suppress Linares Caballero's statements, and accordingly, we cannot determine whether the circuit court's decision was erroneous. Therefore, the October 23, 2015 transcript is indispensable to the Commonwealth's appeal in this case. By failing to timely file that transcript, the Commonwealth has failed to provide this Court with a record sufficient to decide the issues presented by this appeal. "[A]bsent a transcript or written statement of the facts that captures the arguments made at trial, this Court has no basis upon which to review the trial court's ruling." Galumbeck v. Lopez, 283 Va. 500, 507-08, 722 S.E.2d 551, 555 (2012) (citing Whittaker v. Commonwealth, 217 Va. 966, 968-69, 234 S.E.2d 79, 81 (1977)). Thus, we treat the issues presented by the Commonwealth as waived and affirm the circuit court on that basis. See Smith, 56 Va. App. at 363, 693 S.E.2d at 771.

We deny the Commonwealth's request to include the October 23, 2015 transcript in the record pursuant to Belew v. Commonwealth, 284 Va. 173, 726 S.E.2d 257 (2012). In Belew, a court reporter failed to prepare and file a transcript for one day of proceedings because the circuit court's case management system indicated that the hearing scheduled for that day had been continued. Id. at 176, 726 S.E.2d at 258-59. Upon realizing that the transcript had not been filed, Belew moved the circuit court to make the transcript a part of the record to correct a "clerical mistake" under Code § 8.01-428.[10] Id. at 176, 726 S.E.2d at 259. The circuit court granted the motion and included the late transcript in the record. Id.

---

[10] Code § 8.01-428(B) states:

> Clerical mistakes in all judgments or other parts of the record and
> errors therein arising from oversight or from an inadvertent

The Supreme Court held that "the omission of the Missing Transcript was clerical error within the meaning of Code § 8.01-428(B) and the circuit court had authority under the statute to correct the error prior to Belew's filing of her petition for appeal in the Court of Appeals." Id. at 181, 726 S.E.2d at 261. The Supreme Court explained that Code § 8.01-428(B) allowed the circuit court to correct clerical errors regardless of their magnitude, and expressly held that an entire volume of a transcript may be included in the record of a case when its omission resulted from a clerical error. See id. at 180-81, 726 S.E.2d at 261. The Supreme Court noted, however, that "[n]o one suggest[ed] that the court reporter's failure to [file the transcript] was anything other than an 'oversight' or 'inadvertent omission' under Code § 8.01-428(B)" and that the failure to file the omitted transcript was unmistakably due to the error in the circuit court's case management system. Id. at 179, 726 S.E.2d at 260.

On appeal, the Commonwealth contends that a clerical error made by the circuit court clerk's office caused the October 23, 2015 transcript to be filed late. The Commonwealth argues that it requested the circuit court clerk to order a transcript of the October 23, 2015 transcript to be prepared on October 26, 2015 in a letter hand-delivered to the clerk's office on that date. The Commonwealth attached a copy of that letter to its response in opposition of Linares Caballero's motion to dismiss. Without providing any further explanation concerning the failure of the circuit court's clerk's office to order the transcript, the Commonwealth reasons that the untimely preparation and filing of the October 23, 2015 transcript was solely attributable to a clerical error

omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

- 9 -

as defined in Code § 8.01-428 and urges this Court to apply <u>Belew</u> to include the transcript in the record.[11]

We conclude that <u>Belew</u> does not apply under the facts and circumstances of this case. Unlike the appellant in <u>Belew</u>, the Commonwealth has failed to provide any explanation for the circuit court clerk's failure to obtain the October 23, 2015 transcript. In <u>Belew</u>, the court reporter's failure to prepare the transcript at issue was clearly attributable to a known clerical error, an incorrect entry in the circuit court's case management system. In the present case, however, the circuit court clerk's failure to obtain the October 23, 2015 transcript is completely unexplained.

Although the letter attached to the Commonwealth's response to Linares Caballero's motion to dismiss suggested that the Commonwealth made a timely request for the transcript to be filed, that letter is not a part of the record in this case. While the letter was stamped as received by the circuit court clerk's office, the letter was not included in the circuit court's case file. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record."

---

[11] We take this occasion to note that while the clerk may have delayed requesting the court reporter to prepare the transcript, the ultimate responsibility for ensuring that transcripts are timely filed lies with the appellant. In addressing an appellant's responsibility for filing transcripts pursuant to Rule 5:11(a)(1), the Supreme Court "has repeatedly admonished: A circuit court's judgment is presumptively correct, and *the appellant bears the burden* of presenting a sufficient record to permit a determination whether the circuit court committed an alleged error." <u>Galumbeck</u>, 283 Va. at 507, 722 S.E.2d at 555 (emphasis added) (quoting <u>Commonwealth Transp. Comm'r v. Target Corp.</u>, 274 Va. 341, 348, 650 S.E.2d 92, 96 (2007)). Furthermore, as previously stated, "*[w]hen the appellant fails to ensure* that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii) (emphasis added). Simply put, the appellant has an affirmative obligation to ensure that the transcripts have been filed prior to the filing deadline. By doing so, the appellant can, in instances such as this, request an extension of time as authorized by Rule 5A:8(a) and thereby avoid the consequences of errors caused by others.

<u>Smith v. Commonwealth</u>, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).  Accordingly, the Commonwealth's failure to ensure that its October 26, 2015 letter to the circuit court clerk was a part of the record bars us from considering the substance of this letter on appeal.

In addition, we note that the October 26, 2015 letter would not provide any explanation for the untimely filing of the transcript even if it were part of the record in this case.  While the letter established that the Commonwealth requested the circuit court clerk to order the preparation of the October 23, 2015 transcript, it did not establish any reason for the clerk's failure to do so.  Thus, the letter itself did not establish that the transcript was untimely filed due to a clerical error.  Moreover, a series of email exchanges between the Commonwealth and the circuit court clerk's office that were also attached to the Commonwealth's response to Linares Caballero's motion to dismiss suggested that the October 23, 2015 transcript was not requested to be prepared until December 2, 2015.

As the Commonwealth has failed to provide this Court with any explanation of the circuit court clerk's delay in obtaining the October 23, 2015 transcript, it has failed to establish that the transcript was filed late due to a clerical error.  Accordingly, neither <u>Belew</u> nor Code § 8.01-428 apply to this case, and therefore, we will not include the October 23, 2015 transcript in the appellate record.

### III.  CONCLUSION

We conclude that the transcript of the October 23, 2015 motions hearing is indispensable for the resolution of the issues presented by the Commonwealth in this appeal.  By failing to timely file that transcript, the Commonwealth has failed to provide this Court with a record sufficient to decide the issues presented by this appeal.  As the Commonwealth failed to provide any explanation for the late filing of the October 23, 2015 transcript establishing that the delay was due to clerical error, we decline to apply <u>Belew</u> and Code § 8.01-428 to include the

transcript in the record.  For these reasons, we hold that the Commonwealth has waived its appeal and affirm the circuit court's decision to suppress Linares Caballero's statements to the police officers that are the subject of this appeal.

<u>Affirmed.</u>