COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

UNPUBLISHED

CLIFTON ANTONY GRANT

v.      Record No. 1517-17-4

TONI GAIL WALTERS

MEMORANDUM OPINION[*]
PER CURIAM
JULY 3, 2018

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

(Clifton Antony Grant, on brief), *pro se*.

(Paul A. Scott; Madigan & Scott, Inc., on brief), for appellee.


Clifton Antony Grant appeals the August 17, 2017 order denying his motion to correct

the record. On appeal, Grant presents the following assignments of error: (1) The circuit court

erred in failing to determine the presumptive child support amount pursuant to the guidelines in

Code § 20-108.2; (2) the circuit court erred in failing to make written findings in the child

support order that "the application of such guideline[s] would be unjust or inappropriate;" (3) the

circuit court erred in its calculation of child support, which was "not supported by the evidence

in the record;" (4) the circuit court erred in imputing income to Grant "instead of using [his]

actual gross income to calculate the presumptive amount of child support;" (5) the circuit court

erred in including a loan that Grant received in the calculation of his income; (6) the circuit court

erred in denying his motion and "not correcting the child support error that is within its power;"

(7) the circuit court erred in its calculation of child support because the "work related child care

cost [was] not supported by the evidence in the record;" (8) the circuit court erred in including

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

work-related child care costs in the child support calculation without considering the factors in Code §§ 20-108.1 and -108.2; (9) the circuit court erred in awarding sole custody to Walters; (10) the circuit court violated Grant's due process and equal protection rights by "failing to follow [the] statutory guidelines for child support;" and (11) the circuit court violated Grant's due process and equal protection rights because "the decision of custody and visitation is not supported by the evidence in the record." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

Grant and Toni Gail Walters are the biological parents to a minor child born in 2009. On July 15, 2010, the Fairfax County Juvenile and Domestic Relations District Court (the JDR court) entered an order awarding sole legal and physical custody of the parties' minor child to Walters and visitation to Grant. The JDR court also ordered Grant to pay $710 per month for child support and $2,200 toward Walters' attorney's fees. The JDR court explained in its order that "Father's income was imputed to be $32,000 per year, based upon receipt of $20,000.00 loans from family and income received of $12,000.00 for 2009." The child support was calculated according to the statutory guidelines. The JDR court used $4,915 as Walters' monthly gross income, $2,667 as Grant's monthly gross income, $867 for work-related child care costs, and $260 for the child's medical insurance cost. Grant appealed the JDR court's ruling to the circuit court, but he did not appear at the hearing on December 8, 2010. The circuit court dismissed the appeals and remanded the matters back to the JDR court.

Subsequently, Grant filed motions to modify custody and visitation and reduce child support. On October 28, 2013, the circuit court entered an order denying Grant's motions.[1] The circuit court found that there were no material changes in circumstances that would warrant a modification of custody or reduction of child support.[2] The circuit court reiterated that Walters had sole legal and physical custody of the child and that Grant's monthly support obligation was $710. The circuit court retained jurisdiction over custody, visitation, and child support. It also awarded $9,000 to Walters for her attorney's fees.

On April 10, 2017, Grant filed a "Motion to Correct the Record" and alleged that the circuit court erred in its prior calculation of child support.[3] Grant alleged errors in the July 15, 2010 and October 28, 2013 orders. On August 17, 2017, the parties appeared before the circuit court. Grant argued that the court used an incorrect amount for his income in the child support calculations, so his monthly child support obligation was incorrect. He asserted that the error was a clerical error under Code § 8.01-428 and that the circuit court had "inherent powers to make the corrections." Denying the motion, the circuit court held that it did not have jurisdiction to modify the child support award because more than twenty-one days had passed since the entry of the support orders and no motion to modify support had been filed. On August 17, 2017, the circuit court entered an order reflecting its rulings. Grant filed a motion for reconsideration, which the circuit court denied. This appeal followed.

---

[1] Grant appealed the October 28, 2013 order to this Court, and we summarily affirmed the judgment of the circuit court. See Grant v. Walters, No. 2275-13-4 (Va. Ct. App. Sept. 23, 2014).

[2] On March 6, 2012, the circuit court modified Grant's visitation, but in the October 28, 2013 order, the circuit court denied Grant's motion to modify visitation and restored his visitation as stated in the July 15, 2010 order.

[3] On December 5, 2013, Grant filed a motion to correct the record and alleged that the child support calculations did not accurately reflect his income. On January 10, 2014, the circuit court entered an order denying Grant's motion to correct the record.

ANALYSIS

In his sixth assignment of error, Grant argues that the circuit court erred in denying his motion to correct the record and not recalculating child support. He asserts that the circuit court "incorrectly ruled that without a motion to modify the child support order[,] it had no jurisdiction to correct the child support error in this case." Grant contends that Code § 8.01-428(B) grants authority to the circuit court to correct the child support calculation by determining the presumptive amount of child support based on his actual gross income, instead of imputed income. We review the interpretation of statutes *de novo*. Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012).

Rule 1:1 states, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." After the expiration of twenty-one days, the order is final. Therefore, the July 15, 2010 and the October 28, 2013 orders were final orders when Grant filed his motion to correct the record in April 2017.

However, there are limited exceptions to Rule 1:1, including Code § 8.01-428(B) that allows the trial court to correct clerical mistakes and inadvertent omissions.

Code § 8.01-428(B) provides,

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Grant relies on Cutshaw v. Cutshaw, 220 Va. 638, 261 S.E.2d 52 (1979) (*per curiam*), to support his arguments. In Cutshaw, the trial court found that counsel's failure to prepare the requested order was an "oversight," so the trial court entered an order *nunc pro tunc* to

- 4 -

implement a ruling from almost three years earlier. Id. at 641, 261 S.E.2d at 53. Citing Code § 8.01-428(B) and Council v. Commonwealth, 198 Va. 288, 94 S.E.2d 245 (1956), the Supreme Court of Virginia held that "[a] court has the power to correct such ministerial omissions *nunc pro tunc* when the record clearly supports such corrections." Id.

In Belew v. Commonwealth, the Supreme Court of Virginia again examined Code § 8.01-428(B). In Belew, a court reporter failed to transcribe and file a hearing transcript "because of an error in the trial court's case management system." Belew, 284 Va. at 179, 726 S.E.2d at 260. The Supreme Court of Virginia held that the omission of the transcript was a "clerical error" and that the circuit court had the authority to make it part of the record. Id. at 181, 726 S.E.2d at 261. The Supreme Court of Virginia stated, "The only relevant questions under the provisions of Code § 8.01-428(B) are whether the nature of the correction falls in the category of '[c]lerical mistakes' or 'errors' in a judgment or 'other parts of the record' and whether such mistakes or errors arose 'from oversight or from an inadvertent omission.'" Id. at 180, 726 S.E.2d at 261.

In this case, there was no mistake or inadvertent omission. By seeking to change his income used in the child support calculations, Grant was asking the court to modify child support. This Court has acknowledged that "the power to amend should not be confounded with the power to create." Minor v. Commonwealth, 66 Va. App. 728, 742, 791 S.E.2d 757, 763 (2016) (quoting Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996)). The circuit court correctly informed Grant that it did not have the authority to modify the support order at that time because Grant had not filed a motion to modify support and more than twenty-one days had passed since the last support order. The circuit court could not recreate Grant's child support obligation because Grant disagreed with the prior determinations of the JDR court and the circuit court. Accordingly, the circuit court did not err in denying Grant's motion to correct the record.

In his ninth and eleventh assignments of error, Grant raises arguments about the prior custody and visitation orders. Grant's notice of appeal only relates to the August 17, 2017 order denying his motion to correct the record, so that order is the only order on review. See Rule 5A:6(a) ("No appeal shall be allowed unless, within 30 days after entry of final judgment . . . , counsel files with the clerk of the trial court a notice of appeal . . . ."). The prior custody and visitation orders are final orders and no longer appealable. Rule 1:1.

The remaining assignments of error concern the calculation of child support in the July 15, 2010 and October 28, 2013 orders. As noted above, the July 15, 2010 and the October 28, 2013 orders are final orders under Rule 1:1 and are no longer appealable. Therefore, we will not consider Grant's first, second, third, fourth, fifth, seventh, eighth, and tenth assignments of error.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.