COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, O'Brien and Senior Judge Frank
Argued by teleconference

UNPUBLISHED

ROBERT LEE PALMER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1109-19-1                      JUDGE ROBERT P. FRANK
                                                    APRIL 7, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
W. Revell Lewis, III, Judge

John I. Jones, IV, for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Robert Lee Palmer, appellant, appeals the circuit court's denial of his motion for a *nunc pro tunc* order to amend a prior sentencing order pursuant to Code § 8.01-428(B), after finding that the court no longer had jurisdiction over the case under Rule 1:1(a).  For the reasons stated, we affirm the circuit court's ruling.

BACKGROUND

On December 15, 1995, appellant appeared before the Circuit Court of Northampton County and was convicted, on his plea of guilty, of involuntary manslaughter.  On March 14, 1996, the circuit court imposed a sentence of ten years, with five years suspended on terms of

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

probation.[1]  On June 9, 2003, appellant appeared before the same circuit court and was convicted of statutory burglary and malicious wounding.[2]  In its final judgment order entered on October 15, 2003, the circuit court imposed sentences of twenty years each on those convictions.  By order of the same date, the court also found that appellant had violated the terms of his probation on his 1995 involuntary manslaughter conviction and revoked his probation.[3]  The court's order stated that appellant's "sentence is reinstated" and that he "shall serve the balance of his original five (5) year term."  The court ordered that all three sentences, which totaled forty-five years, would run consecutively.

On September 10, 2018, appellant filed, *pro se*, a motion for a *nunc pro tunc* order "to amend or correct sentences, or vague language in the sentencing order(s)."  Appellant asserted that the Virginia Department of Corrections had said the October 15, 2003 "sentencing orders contain vague, or unintended drafting errors which [are] misleading," which caused appellant's forty-five-year sentence "to be unlawfully increased to fifty-four years."  He also asserted that "somewhere in the circuit court's order . . . is causing [*sic*] a (9) nine year disparity which exceeds the honorable court's sentencing order [and] must be corrected by *nunc pro tunc* order."

Appellant correctly recited the sentences imposed in the October 15, 2003 orders and did not identify the specific language to be corrected.  He instead asked the clerk of the circuit court to "contact Virginia Department of Corrections Court and Legal Services and Central

---

[1] The court ordered the sentence to run consecutively with the sentence imposed the same day in another case in which the court revoked nine years of appellant's previously suspended sentence for attempted malicious wounding, re-suspended four years, and gave him five years to serve.

[2] The sentencing order incorrectly states that appellant was found guilty on January 8, 2003.  In fact, the offenses occurred on that date, and appellant was found guilty on June 9, 2003.

[3] The revocation proceeding did not address the suspended sentence that remained on appellant's attempted malicious wounding conviction.

Classification Service by phone, [to amend the] sentencing orders with transparent and unambiguous language to correct the unlawful sentence calculation." He requested the circuit court to enter a *nunc pro tunc* order to "demystify the ambiguous language contained in the sentence and presentence report so the record may reflect the honorable court's true intentions."

The circuit court determined that it no longer had jurisdiction over the case and denied the motion.[4] This appeal follows.

## ANALYSIS

Appellant contends that the circuit court erred in ruling that Rule 1:1(a) barred its consideration of his motion under Code § 8.01-428(B) to correct the alleged clerical errors in the 2003 sentencing order.[5]

The applicability of Rule 1:1(a) presents a question of law that we review *de novo*. Commonwealth v. Morris, 281 Va. 70, 76-77 (2011). The rule provides in part:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

Appellant contends, however, that Code § 8.01-428(B) provides an exception to Rule 1:1(a) that allowed the court to consider his motion. Code § 8.01-428(B) provides:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

---

[4] There is no transcript in the record of any hearing that may have been held on the motion.

[5] Although appellant referred in his motion to both orders entered on October 15, 2003, it is apparent from his argument on appeal that he is contesting the sentencing order for the statutory burglary and malicious wounding convictions.

Whether the statutory language allows the circuit court to go beyond the twenty-one-day limit of Rule 1:1(a) presents "an issue of statutory interpretation . . . which we review *de novo*." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007). "Because Code § 8.01-428(B) expressly allows a court to correct qualifying mistakes 'at any time,' it confers jurisdiction on courts beyond the 21-day period for that limited purpose." Belew v. Commonwealth, 284 Va. 173, 178 (2012). Thus, the circuit court had authority to correct clerical errors in the sentencing order even though more than twenty-one days had passed since the entry of the order. See Martinez v. Commonwealth, 71 Va. App. 318, 328 (2019) (affirming a trial court's entry of a *nunc pro tunc* order to correct an error in an earlier sentencing order).

The entry of a *nunc pro tunc* order is a matter within the sound discretion of the circuit court. See Jefferson v. Commonwealth, 269 Va. 136, 140 (2005). "[S]uch entry should be made with great caution and on the most conclusive evidence; . . . the evidence constituting the basis for the correction of the record [must] be clear and convincing and . . . where the errors to be corrected are proved beyond all doubt." Council v. Commonwealth, 198 Va. 288, 293 (1956) (quoting 21 C.J.S., Courts § 227(d), 426, 427 (1940)). See Cutshaw v. Cutshaw, 220 Va. 638, 641 (1979) (holding that a court has authority to correct "ministerial omissions *nunc pro tunc* when the record clearly supports such corrections"); Hart v. Hart, 35 Va. App. 221, 230 (2001) (holding that "mistakes or omissions must be apparent from the record"); Cass v. Lassiter, 2 Va. App. 273, 277 (1986) (holding that to invoke a court's authority to correct a clerical mistake in a judgment, "the evidence must clearly support the conclusion that an error or oversight or inadvertence has been made").

Here, appellant conceded at oral argument that he had identified no error, ambiguity, or omission in the October 15, 2003 order, nor does the order reflect any lack of clarity. Even though appellant filed his motion *pro se*, he was "no less bound by the rules of procedure and

substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987); see also Francis v. Francis, 30 Va. App. 584, 591 (1999) (holding that a *pro se* litigant "must comply with the rules of court"). Certainly, the terms of the sentencing order were not vague to appellant, as he correctly stated in his motion the specific sentence imposed. He asserted that the Department of Corrections had found the order vague and had misinterpreted it, but he did not provide any corroborating documents from the Department of Corrections to support his claim.[6] See generally Green v. Commonwealth, 65 Va. App. 524, 534-35 (2015); Smith v. Commonwealth, 16 Va. App. 630, 635 (1993) (both holding that the trial court's judgment is presumed to be correct and will be affirmed on appeal if the defendant fails to present an adequate record from which the appellate court can determine whether the trial court erred).

Because appellant did not identify any specific clerical mistake in the 2003 sentencing order, the circuit court construed his motion as a challenge to the sentence imposed, rather than a motion to correct an error in the order.[7] Thus, Code § 8.01-428(B) did not apply. See Council, 198 Va. at 293-94. And because more than twenty-one days had elapsed since the order was

---

[6] According to the regulations promulgated by the Department of Corrections, an inmate may submit questions to the Department regarding the computation of his sentence and may file a grievance if he disagrees with the Department's response. See www.vadoc.virginia.gov/general-public/operating procedures-offender management programs.

[7] "[T]rial courts have the authority to interpret their own orders." Davis v. Commonwealth, 70 Va. App. 722, 732 (2019) (quoting Fredericksburg Const. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144 (2000)). This Court "defer[s] to the trial court's interpretation of its own order," but that interpretation must be reasonable, and an abuse of discretion standard applies. Id. (quoting Leitao v. Commonwealth, 39 Va. App. 435, 438 (2002)). In construing appellant's *pro se* motion to amend, the circuit court could determine whether there was any ambiguity in the challenged order.

entered on October 15, 2003, Rule 1:1(a) barred the circuit court from addressing appellant's motion.[8]

The holding in <u>Martinez</u> does not control here because the case is distinguished on its facts. There, the record established that the Department of Corrections had misinterpreted the trial court's February 6, 2018 order "because of a lack of clarity on the part of the [c]ourt." <u>Martinez</u>, 71 Va. App. at 325. At a later hearing, the court amended the order to "actually reflect[] what really happen[ed]." <u>Id.</u> at 324. The court's clarifying order made "the record show what actually took place." <u>Id.</u> at 328 (quoting <u>Council</u>, 198 Va. at 293).

In appellant's case, however, absent any evidence of mistake, or vague or ambiguous language in the 2003 sentencing order, the circuit court had no basis on which to grant appellant's motion to amend the order. See <u>Ziats v. Commonwealth</u>, 42 Va. App. 133, 140-41 (2003) (finding that the trial court abused its discretion in entering an order *nunc pro tunc* to correct an earlier order that contained no error).

CONCLUSION

Appellant has failed to show that Code § 8.01-428(B) granted the circuit court authority to reconsider the 2003 sentencing order more than twenty-one days after the entry of the final order. Thus, we hold the circuit court did not abuse its discretion in denying appellant's motion.

<u>Affirmed.</u>

---

[8] The trial court reasonably construed appellant's motion as an attempt to modify his sentence. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (stating that an "inartfully pleaded" *pro se* complaint will be liberally construed by the reviewing court). But even assuming the circuit court's re-characterization was error, it did not affect the ultimate outcome because the record does not show any error in appellant's sentence that required correction. The transcript of the 2003 hearing and the related orders show that the trial court intended to, and did, impose forty-five years of incarceration. See <u>Dorr v. Clarke</u>, 284 Va. 514, 526 (2012) (holding that where the trial court re-characterized the defendant's petition for a writ of mandamus as a habeas corpus petition and dismissed it without notice to the defendant, the error was harmless because the defendant was not entitled to the relief he sought).